## The Inhabitants of MANSFIELD *versus* The Inhabitants of PEMBROKE.

In gaining a settlement by taking the profits for three years of an estate in dower, the time in which they are taken between the assignment of the dower by commissioners and the ratification thereof by the judge of probate, is to be reckoned as a part of the three years.

Where a person having an estate in freehold leased the land for a year in satisfaction of an execution, he was considered, with reference to the gaining of a settlement, as taking the rents and profits during the year.

ASSUMPSIT for expenses incurred in supporting Thomas Howard, his wife and child, paupers whose settlement was alleged to be in Pembroke.

On the 14th of August, 1809, land in Pembroke, of the yearly income of three pounds, was set off to the wife as dower in the estate of a former husband, by commissioners appointed for that purpose, and on the 15th of September, 1810, their report was accepted and the dower confirmed by a decree of the judge of probate. Howard took possession of the land immediately after it was set off, and continued to occupy and receive the income of it until January 6, 1812, when, to satisfy an execution against him, he and his wife made a lease of the land for one year, to commence on the 16th of March, 1812, whereupon the execution was discharged. In May 1813, it was set off for the term of two years, in satisfaction of another execution, and in July 1814 Howard and his wife conveyed all their interest in the estate to one Whitman.

*Morton* J. ordered the defendants to be called, but if upon these facts the settlement of the paupers was not in Pembroke, the default was to be taken off.

Oct. 24th.    *K. Whitman*, for the defendants, cited *Windham* v. *Portland*, 4 Mass. R. 384 ; *Conway* v. *Deerfield*, 11 Mass. R. 327 ; *Groton* v. *Boxborough*, 6 Mass. R. 50 ; *Granby* v. *Amherst*, 7 Mass. R. 1 ; *Motley* v. *Blake*, 12 Mass. R. 280 ; *Gooch* v. *Atkins*, 14 Mass. R. 376 ; *Hildreth* v. *Thompson*, 16 Mass. R. 193.

*Baylies*, *contrà*, relied on *St.* 1793, c. 34, § 2, art. 4. He cited also 2 Bac. Abr. 375, *Dower*, D 2 ; *Conant* v. *Little*, 1 Pick. 189 ; *Jones* v. *Brewer*, ibid. 314.

456

*Per Curiam.* Howard and his wife had a seisin sufficient for the purpose of gaining a settlement, from the time of the assignment of dower, for though his estate was not indefeasible, yet the affirmance by the judge of probate relates back to the time of the assignment. And he continued seised notwithstanding the lease, for the possession of the lessee was that of the lessor ; and it is immaterial whether he received the rents and paid the debt, or paid the debt without receiving them, as virtually they were received by him. The paupers therefore gained a settlement in the fourth mode pointed out by the statute of 1793, *c.* 34.[1]

Mansfield<br>v.<br>Pembroke.<br>Oct. 27th.

*Judgment for the plaintiffs.*